**DISMISSED and Opinion Filed January 23, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00019-CV

## IN RE CITY OF GARLAND, TEXAS, Relator

**Original Proceeding from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. DC-19-02090-A**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Goldstein

Before the Court is relator's January 5, 2024 petition for writ of mandamus. Relator asks this Court to compel respondent to rule on its plea to the jurisdiction.

On January 17, 2024, this Court granted relator's agreed emergency motion for stay and stayed all trial court proceedings, including a February 12, 2024 trial, pending determination of this original proceeding. The Court also requested a response, if any, to relator's mandamus petition on or before January 31, 2024.

On January 22, 2024, relator filed a motion for relief from stay. Relator states that on January 18, 2024, the trial court entered an order denying relator's plea to the jurisdiction and that the order reflects it was signed on January 17, 2024. Relator

asks this Court to lift the stay issued by this Court's January 17, 2024 Order "for the limited purpose of allowing [relator] to file its anticipated notice of appeal."

Relator did not attach a copy of the trial court's order to its motion. But we take judicial notice of the trial court's online docket sheet for the suit underlying this original proceeding. *In re Johnson*, 599 S.W.3d 311, 311 n. 1 (Tex. App.—Dallas 2020, orig. proceeding). The trial court's online docket sheet shows that the trial court denied relator's plea to the jurisdiction on January 17, 2024.

A case becomes moot if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Id.* A court lacks subject-matter jurisdiction over a case that has become moot. *Id.* at 311–12.

The trial court's ruling on relator's plea to the jurisdiction delivers all of the relief relator is requesting in this original proceeding. Thus, this original proceeding is moot. *See Id.* at 312 (dismissing mandamus petition as moot when trial court ruled on pending motion and relator received relief requested in mandamus petition).

Accordingly, we dismiss as moot relator's petition for writ of mandamus. We also lift the stay issued by this Court's January 17, 2024 Order and deny as moot relator's January 22, 2024 motion for relief from stay.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

240019F.P05

–2–